IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 5:16-cr-00016 |
| v. | ) | **REPORT & RECOMMENDATION** |
| BRIAN EUGENE SHANK, | ) | |
|     Defendant. | ) | By:   Joel C. Hoppe |
| | ) |         United States Magistrate Judge |

      This case was referred to the undersigned magistrate judge for the purpose of conducting a felony guilty plea hearing. This report and recommendation is submitted to the presiding district judge pursuant to 28 U.S.C. § 636(b)(3). The defendant waived the right to plead before a United States District Judge and consented to proceed before the undersigned magistrate judge.

      On December 6, 2016, the defendant appeared with counsel before the magistrate judge, who personally addressed the defendant in open court and admonished the defendant pursuant to Rule 11(b)(1)(A)–(O) of the Federal Rules of Criminal Procedure. Discussing the district judge's role of determining a sentence, the undersigned magistrate judge explained to the defendant that the sentencing range under the Sentencing Guidelines, which are not binding, would not be determined until a presentence report is written and a sentencing hearing held, that the district judge had the authority to impose a sentence more or less severe than called for in the guidelines, and that the sentence the defendant receives may be different than any estimate given by his attorney. The undersigned magistrate judge also admonished the defendant that if the district judge does not accept a recommendation set forth in the plea agreement, the defendant will still be bound by his plea and will have no right to withdraw it. The defendant stated that he understood the Court's admonishments. The undersigned magistrate judge and the attorney for the government stated the essential terms of the plea agreement, which has been filed with the

1

Court, and the defendant and his counsel agreed that those in fact were the terms of the agreement. The defendant further stated that he had read the plea agreement, had reviewed it with his counsel, and understood it. Accordingly, the undersigned finds that the defendant understands the charge to which he is pleading guilty and that his plea was knowingly made. Fed. R. Crim. P. 11(b)(1).

The Court also addressed the defendant personally as to his competency to plead and the voluntariness of his plea, specifically whether it resulted from force, threats, or promises other than promises in a plea agreement or in open court. Fed. R. Crim. P. 11(b)(2). Based on this discussion, the undersigned finds that the defendant is sufficiently competent to enter a plea, that he desired to plead guilty, and that his plea was voluntary.

The government presented a statement of facts, which has been filed with the Court, regarding the offense to which the defendant pleaded guilty. The defendant testified that he read the statement of facts and discussed it with his attorney. He agreed that the statement of facts was accurate and did not contest those facts. No additional facts beyond those contained in the written statement of facts were presented at the guilty plea hearing. The statement of facts presents the following:

The defendant sold methamphetamine to a person, who later became a confidential informant, for a period of three months. During this three month period, the confidential informant distributed approximately sixty (60) ounces of methamphetamine for the defendant, who himself distributed five ounces of methamphetamine a week. A search warrant was executed at the defendant's residence and fourteen (14) grams of 94% pure methamphetamine was recovered. The defendant identified Victor Berumen Cortes as his supplier, and the defendant said he owed Berumen $2200 for two ounces of methamphetamine that had been

fronted to him. When a search warrant was executed at Berumen's residence, Berumen told law enforcement that he had been selling methamphetamine for two to three months at three to four ounces per week. Berumen identified Carlos Sandoval Rodriguez as his supplier. The subsequent arrest of Sandoval and search of his residence produced more than 400 grams of methamphetamine of at least 98% purity.

The undersigned finds that these facts provide a sufficient basis for the defendant's guilty plea to the charge of conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and 50 grams or more of methamphetamine (actual). Fed. R. Crim. P. 11(b)(3).

The defendant pleaded guilty to the offense of conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, as alleged in Count One of the Information.

The magistrate judge finds the following:

1. The defendant's guilty plea was taken by the undersigned subject to the acceptance of the plea and sentencing by the assigned district judge and after the defendant consulted with an attorney and executed oral and written waivers;

2. The defendant fully understands the nature of the charges and relevant penalties;

3. The defendant fully understands the terms of the plea agreement;

4. The defendant understands the defendant's constitutional and statutory rights and wishes to waive those rights;

5. The defendant's guilty plea was freely and voluntarily tendered;

6. The defendant is sufficiently competent to enter a guilty plea; and

7. An adequate factual basis exists to support this plea.

## RECOMMENDATION

The magistrate judge RECOMMENDS that the district judge accept the plea of guilty and, after reviewing the pre-sentence investigation report, accept the plea agreement, and enter a final judgment finding the defendant guilty.

## RELEASE OR DETENTION PENDING SENTENCING

After entry of the plea, the undersigned conducted proceedings to determine the defendant's custody status pursuant to the standard set forth in 18 U.S.C. § 3143(a). Based on the following, the undersigned finds that clear and convincing evidence does not exist that the defendant is not likely to flee or pose a danger to the community if released:

The defendant was detained at his initial appearance, which was held on the same day as his guilty plea hearing, and did not request release.

## NOTICE TO PARTIES

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14 day period, the Clerk is directed to transmit the record in this matter to the Honorable Michael F. Urbanski, United States District Judge.

The Clerk shall send certified copies of this Report and Recommendation to all counsel of record.

ENTER: December 7, 2016

*Joel C. Hoppe*

Joel C. Hoppe
United States Magistrate Judge